TRABUE
vs
INGLES.

---

CHANCERY.

Case 20.

Oct. 1.

The case stated.

## Trabue vs Ingles.

ERROR TO THE BOURBON CIRCUIT.

*Mortgages. Commissioner's sales.*

JUDGE BRECK delivered the opinion of the Court.

INGLES exhibited his bill in chancery for the foreclosure of a mortgage executed to him by Trabue, upon real estate, to secure the payment of about four thousand dollars.

Trabue resisted the claim upon the ground that the note and mortgage which he had given to Ingles, were in consideration of a decree which the heirs of Thomas Boone had obtained in the Circuit Court of the United States for the District of Kentucky against Baylor's heirs, and which, or a portion thereof he, Trabue, had undertaken to pay; that Ingles represented himself as the agent of Boone's heirs, and authorized to collect said decree, but that he believed and so charged, he had no such authority, and consequently, that the note and mortgage were executed without consideration. He made his answer a cross bill against Ingles and the heirs of Boone.

The Court, on final hearing, decreed a foreclosure of the mortgage, and a sale of the mortgaged estate. To reverse that decree Trabue prosecutes a writ of error.

Decree of the Circuit Court.

Several errors are relied upon. The first we shall notice has reference to the fact of Ingles' authority as the agent of Boone's heirs, to collect their decree against Baylor's heirs.

It appears that at the time Trabue gave his note and executed the mortgage to Ingles, the parties entered into a written agreement, by which Ingles bound himself to have the decree of Boone's heirs referred to, satisfied to the extent that Trabue had undertaken by his note and mortgage to pay it. In this agreement Ingles is regarded as the agent of the heirs and the administrator of their ancestor, Thomas Boone. The endorsement by Trabue upon this agreement, acknowledging the fulfilment thereof on the part of Ingles, to *its fullest meaning and extent*, rendered unnecessary the production of any other proof as to the satisfaction of the decree in the Federal Court, to the extent stipulated in the agreement. It is also sufficient, in the entire absence of any testimony or circumstance tending to raise doubt or suspicion as to the agency of Ingels on behalf of Boone's heirs, to render unnecessary further evidence in that behalf.

But if additional proof were requisite, what purported to be a copy of the decree of the Federal Court, by which the decree against Baylor's heirs is satisfied and discharged according to the undertaking of Ingles, together with the answer of Boone's heirs, or most of them, to the

It is too late to object, for the first time, in this Court, to the use of papers as evidence, which are exhibited in the pleadings

TRABUE
vs
INGLES.

and read in the
Court below
without objec-
tion.

cross answer of Trabue, admitting the authority and agency of Ingles, should certainly, we think, be deemed satisfactory, although the powers of attorney from the heirs to Ingles, may not have been so authenticated as to authorize their being read. It is true objection is now made to the copy of the decree from the Federal Court as incompetent, but the objection comes too late. It was referred to as an exhibit by the complainant, and read without objection in the Court below. But even without that, we think the testimony sufficient as to the authority and agency of Ingles and his compliance with all the stipulations in the agreement with Trabue.

2dly. It is urged that, as the first sale was set aside, it was erroneous to tax the defendant, Trabue, with the costs of that sale.

So far as regarded an allowance to the Commissioner, if the defect in the sale was the result of his fault, it might have been proper to have withheld it, and no distinct allowance to him seems to have been made on that account. The allowance made the Commissioner for his whole services, we are not prepared to say was unreasonable, or that it would have been had there been but one sale. Besides, no objection was made to it in the Court below, and for that reason also, we should not be inclined to sustain objections to it here.

It is too late to
object in this
Court, for the
first time, to an
allowance made
o a commis-
sioner for sel-
ling under a
mortgage, where
the allowance
does not appear
to be unreasona-
ble.

3dly. It is contended that the decree is erroneous in authorizing the purchaser to sue out a writ of *habere facias possessionem,* for the premises sold under the decree.

The decree directs the Commissioner after the terms of the sale are complied with, to deliver possession of the premises sold at the end of twenty days after the sale, and authorizes the purchaser to sue out his writ of *habere facias possessionem,* at the expiration of that period, upon the Commissioner's filing in the Clerk's office his certificate that the terms of sale have been complied with. The power of the Chancellor to put in possession the purchaser of real estate under his decree, and for that purpose to direct the writ of *habere facias,* is not controverted; but it is insisted that it is irregular and erroneous to make the emanation of the writ depend upon the certificate or report of the Commissioner; that it is vesting

It is competent
for the Chancel-
lor decreeing the
sale of mortga-
ed lands, to au-
thorize the Com-
missioner, on
the terms of sale
being complied
with, to put the
purchaser in pos-
session, and for
this purpose to
use the writ of
*habere facias* his
action is subject
to the control of
the Court if im-
proper.

him with judicial powers to decide whether the terms of the sale have or have not been complied with by the. purchaser.

It is true the duties of the Commissioner are ministerial or executive, and we do not perceive that other duties are imposed upon him by the decree in this case. He is directed to make sale of the estate, and when sold as directed, to put the purchaser in possession. As a means of accomplishing so much of his duty as requires him to put the purchaser in possession, the writ of *habere facias* is directed to issue. The Commissioner, it is true, may not strictly pursue the directions of the decree in making the sale, and the Court may afterwards set it aside. But the power of the Court to control the whole action of its Commissioner, to confirm or vacate the sale made by him. or award restitution of the possession of the premises sold, so far from constituting any valid reason or objection to that portion of the decree complained of, is in truth a sufficient protection against any injury that may possibly result from it. The Commissioner is the officer of the Court, and the presumption should be indulged, that he will do his duty in the execution of the decree. But we cannot, as contended, regard the portion of the decree under consideration as unjust or oppressive· upon the defendant, or as introducing a dangerous rule of chancery practice.

The defendant, by the decree *nisi*, had six months' notice that unless he paid the amount decreed the complainant, the mortgaged estate would be subjected to sale.

The time when a mortgagee should be decreed to surrender possession in case of a sale, is in the discretion of the Chancellor. and would depend upon the nature of the estate and the season of the year when sold. In this case the estate was a farm or plantation, and the decree directing a sale, was rendered in November. We perceive no objection, therefore, as to the time within which, after the sale, the possession was to be surrendered.

The mortgagee as well as the mortgagor, was interested in having the sale made upon such terms as to leave no doubt in regard to the time when the purchaser was to obtain the possession. If left with the mortgagee to with-

*The time at which a purchaser shall receive the possession in cases of sales under mortgages foreclosed, is to be regulated by the sound discretion of the Chancellor.*

hold it till after a subsequent term of the Court, and per-haps a protracted controversy in regard to the validity of the sale, for the mere purpose of delay, the sale would be thereby affected, and probably to the prejudice of both parties.

It seems to us, therefore, that there was no injustice or hardship in requiring the defendant to surrender possession as directed in the decree, and upon his failure, that there was no impropriety in authorizing the purchaser to sue out his writ of *habere facias.* As a rule of chancery practice in a case like this, we are not, as at present advised, inclined to condemn it.

Some other objections are urged to the decree, which are deemed unavailable, and not necessary to be noticed.

Wherefore, the decree is affirmed.

*Trimble* for plaintiff: *Hawes & Williams* for defendant.